**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **JOHN A. BRAUN** | ) | 1:06-cv-00849-AWI WMW HC |
| Petitioner, | ) | |
| vs. | ) | **FINDINGS AND RECOMMENDATIONS RE MOTION TO DISMISS** |
| W. J. SULLIVAN, Warden, | ) | [Doc. 5] |
| Respondent. | ) | |

Petitioner is a federal prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302. Pending before the court is Respondent's motion to dismiss.

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. Writ of habeas corpus relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner's claims are proper under 28 U.S.C. §

2241 and not 28 U.S.C. § 2255 because they concern the manner, location, or conditions of the execution of petitioner's sentence and not the fact of petitioner's conviction or sentence. <u>Tucker v. Carlson</u>, 925 F.2d 330, 331 (9th Cir.1990) (stating that a challenge to the execution of a sentence is "maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241"); <u>Montano-Figueroa v. Crabtree</u>, 162 F.3d 548, 549 (9th Cir.1998) (*per curiam*) (allowing a federal prisoner to use § 2241 to challenge the BOP's restitution policies).

Further, because Petitioner is challenging the execution of his sentence at Taft Correctional Institution and Taft is within the Eastern District of California, Fresno Division, the court has jurisdiction over this petition. <u>See</u>, <u>Brown v. United States</u>, 610 F.2d 672, 677 (9th Cir. 1990).

In his petition, Petitioner seeks relief form the execution of his sentence on the ground that the Bureau of Prisons ("BOP") by regulation refuses to assess him under 18 U.S.C. Sction 3621(b) to determine if he is eligible for 6 months of pre-release placement at a community corrections center. Petitioner asks the court to order the BOP to immediately assess him as required by Section 3621(b) and, in good faith, to determine whether he should be transferred to a community corrections center for the last 6 months of his sentence. He asks that BOP be ordered to conduct the assessment without reference to the BOP policy promulgated in December 2002 and without reference to 28 C.F.R. Section 570.21.

Respondent moves to dismiss the petition on the ground that it is moot. Specifically, Respondent claims that the BOP has given Petitioner the relief he seeks, because it has evaluated Petitioner "without reference to the time constraints imposed by 28 CFR Section 570.20 - 21 or the 2002 and 2005 Community Corrections Policies". Respondent provides an exhibit that demonstrates that such a review occurred in October of 2006. Respondent therefore concludes because Petitioner has received the relief he requested, the petition has become moot. Petitioner has not opposed the motion to dismiss.

Based on the foregoing, this court concludes that the petition for writ of habeas

1 corpus has become moot. Accordingly, IT IS HEREBY RECOMMENDED as follows:

2    1)      Respondent's motion be GRANTED;

3    2)      this petition for writ of habeas corpus be DISMISSED as moot; and

4    3)      the Clerk of the Court is directed to enter judgment for Respondent and to close this

5             case.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    February 15, 2007            **/s/ William M. Wunderlich**
mmkd34                                      UNITED STATES MAGISTRATE JUDGE